## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**TASHEE MARIE JAMES,**

**Plaintiff,**

v.                                                            **CASE NO. 25-3224-JWL**

**WYANDOTTE COUNTY, KANSAS, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Tashee Marie James, who is currently incarcerated at the Wyandotte County Detention Center in Kansas City, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Her fee status is pending. (*See* Doc. 2.) The Court has conducted the statutorily required review of the complaint and identified deficiencies that are set forth below and that leave the complaint subject to dismissal in its entirety. The Court therefore will grant Plaintiff time in which to file a complete and proper amended complaint that cures those deficiencies. If Plaintiff fails to do so in the allotted time, this matter will be dismissed without further prior notice to her.

### I.    Nature of the Matter before the Court

Even liberally construing the pro se complaint and the exhibits filed in support, Plaintiff's complaint is largely incomprehensible. The Court cannot determine the precise identities of the many named Defendants or the basis of the claims alleged therein. In the caption of the complaint, Plaintiff names as Defendants:

> Wyandotte County Kansas[,] Sheriff Deputy/Agents, Police, KBI, GBI, FBI[,] Jackson County Missouri Sheriff Deputy Paulding County Sheriff Department, GBI, Agents, Atlanta Parole [and] Pardons Kansas City, KS Parole [and] Probation Newton County, GA Sheriff Department, Judges, Prosecutor attorney, ect. . . . KU Medical Center bell Tower Atlanta North Dallas GA Hospital Dallas GA Parole

1

[and] Probation Chief, employees, ect. . . .

(Doc. 1, p. 1 (all errors in original).) In the portion of the form complaint for identifying the first Defendant and providing required information about that Defendant, Plaintiff identifies the first Defendant as "Wyandotte County Kansas District, Federal, Municipal State Court, GBI, KBI, FBI, local Sheriff Deputies Arresting officers since 05/02/2024 – 10/09/2025 currently." *Id.* (all errors in original). She asserts that these Defendants are citizens of "Kansas City, Missouri, Dunwoody, Atlanta, Georgia, Dekalb Paulding County GA, Acworth County, Newton County GA, Alcovy Rd 15151 Decatur, Georgia; Dekalb County." *Id.* (all errors in original).

Plaintiff also writes in this portion of the complaint: "Note:  Sex offender from Olathe to Johnson County KS Shawnee County Sedgwick County KS Jackson County MO Every City in Georgia Topeka KS Geary County Capital." *Id.* (all errors in original). The space on the second page of the form for providing the name of and information about the second Defendant similarly contains multiple categories of Defendants. *Id.* at 2. Likewise, in the portion of the form for "[b]riefly stat[ing] the background of [her] case" and an attached page, Plaintiff lists multiple locations and generally asserts that she has been "targeted, framed, lied upon, stalked, property stolen of every kind, not compensated, railroading in three states, different counties in the same two states. Body footage, deputy, traffic camera, depriving of work, employment in Kansas, Missouri, Georgia" and more. *Id.* at 2-3 (capitalization normalized, all other errors in original).

The Counts asserted in the complaint are no clearer. As Count I, Plaintiff alleges: "Sex discrimination against African American/Mexican Spanish American/Native American Jamaican, Assaults by Agents, Sheriff, Parole [and] Pardons, Sex offenders state, local from other states, Prosecutors Fabricating, Framing, defamation of Character(s), Action(s), belief(s) Case(s) State, Federal, Municipal, tickets, citations, Police, Agent, Sheriff brutality, Retaliation." *Id.* at 4 (all

errors in original). As supporting facts for Count I, Plaintiff states:

> Abdul, Abdullah, Vace, Deans, Richardson, bakecs, McCullough, Whites, browns, Hamilton, stackre, Sex offenders Platt Sr. Jr. Denver Colorado, Texas Houston, dallas, kileen, Fortworth, Fort Riley, Austin, El paso every city, using San Frisco California, Los Angeles, Illinois, Missouri, Kansas, trying to be illegally in the state of Georgia, Florida, Minnesota, Iowa, ohio, Indiana, New Mexico, Dominicans not all, (some of them, Latino's ect), dibawi, islands, territories, using All races of Muslim Men.

*Id.* (all errors in original). Counts Two and Three are similarly broad and unintelligible, as is the relief Plaintiff seeks in this matter. *Id.* at 4-6.

## II.     Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen her complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal

is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d her] claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

## III.   Discussion

### A.  Rule 8

Rule 8 of the Federal Rules of Civil Procedure[1] requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir.

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

1979)).

> "[A]ll that is necessary is that the claim for relief be stated with brevity, conciseness, and clarity, a standard articulated many times over by federal courts throughout the country." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1215, at 165 (3d ed.2004). This Court has upheld such a standard of brevity and clarity in pleadings. *See Blazer v. Black,* 196 F.2d 139, 144 (10th Cir.1952) ("[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."); *Knox v. First Sec. Bank of Utah,* 196 F.2d 112, 117 (10th Cir.1952) ("The purpose of [Rule 8] is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity."). A Rule 8 pleading is not the proper place for the plaintiff to plead all of the evidence or to fully argue the claims. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512–513 (2002).

*Chavez v. Huerfano Cnty.*, 195 F. App'x 728, 729-30 (10th Cir. Sept. 1, 2006) (unpublished).

"It is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case." *See Chavez*, 195 Fed. App'x. at 730. Although the complaint in this matter is a mere 8 pages long, the information therein does not clearly state a claim for relief against a particular Defendant. "To state a claim, a complaint 'must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009) (quoting *Robbins*, 519 F.3d at 1250). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Even when liberally construed, the pro se complaint in this matter fails to do so. The Court is unable to determine the Defendants Plaintiff wishes to name in this case, the nature of her claims against those Defendants, the facts that support each claim, or the relief she seeks. Thus, the complaint would not give opposing parties fair notice of the basis of the claim or claims against them and it fails to comply with Rule 8.

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint in its entirety. *See Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Triplett v. U.S. Dept. of Defense*, 2011 WL 1113551 (D. Kan. March 24, 2011)

(unpublished). Rather than immediately imposing such a harsh consequence, however, the Court will allow Plaintiff an opportunity to submit a complete and proper amended complaint on the required, court-approved form. If Plaintiff fails to timely submit an amended complaint that complies with Rule 8, this matter will be dismissed without prejudice for failure to state a claim.

### B.  Joinder

To the extent that Plaintiff's current complaint can be understood, it appears to contain improperly joined parties and/or unrelated claims. Federal Rule of Civil Procedure 20(a)(2) governs permissive joinder of defendants and provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*; *see also Gillon v. Federal Bureau of Prisons*, 424 F. App'x 722, 725 (10th Cir. 2011) (unpublished) (where amended complaint combined

6

separate and unrelated claims, many of them arising out of different alleged incidents against multiple defendants, court rejected plaintiff's argument that his claims were related because they all allege constitutional violations relating to his overarching allegation of retaliation by prison officials).

In summary, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), she may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. She may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action. Plaintiff is cautioned that any amended complaint she files must include only those claims that arise against a single defendant or, if she wishes to name multiple defendants, only those claims that arise from the same transaction or occurrence and have common questions of fact or law. Put another way, Plaintiff should set forth in the amended complaint the occurrence or occurrences she will pursue in accordance with Rules 18 and 20, and limit her facts and allegations to properly joined defendants and occurrences. Alternatively, Plaintiff must allege facts in her complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences and that a question of law or fact common to all defendants will arise in this action.

The Federal Rules of Civil Procedure authorize the Court, on its own initiative and at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 Fed. Appx. 877, 881 (10th Cir. 2011) (holding that to remedy improperly joined claims or parties, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with

separately). Thus, if Plaintiff's amended complaint fails to comply with these rules, parties and claim may be severed without further prior notice to her.

## IV.     Amended Complaint Required

Because the complaint fails to comply with Rule 8, this action is subject to dismissal in its entirety. Plaintiff is therefore granted time to file a complete and proper amended complaint upon the required, court-approved form that cures all the deficiencies discussed herein. The Court requires the use of these forms so that it can readily determine the nature of a plaintiff's claims and the facts supporting each claim. In other words, the court-approved form helps the Court identify the particular claims by providing specific places for a plaintiff to identify each individual defendant, each count, and the facts that support each count. The Court cannot make this determination from the current complaint. If Plaintiff chooses to file an amended complaint, she must follow the directions in the form.

She must clearly identify each individual Defendant she wishes to name and provide the required information for each Defendant. For each count she asserts, she must identify a specific federal or constitutional right that was violated and allege specific facts showing that particular Defendants violated that right. Plaintiff is advised that an amended complaint does not supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims or factual allegations not included in the amended complaint will not be before the Court. Plaintiff may not refer to or incorporate by reference her initial complaint. The amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from her initial complaint and the attachment thereto.

Plaintiff must write the number of this case (25-3224) at the top of the first page of her amended complaint. She must include only defendants and claims that may be properly joined in

one action. Plaintiff may attach additional pages to the required form as necessary, but she must clearly label any additional pages so that the Court and opposing parties can determine which facts support Count I, Count II, Count III, etc. Legal claims that are not designated as Counts may not be considered as a basis for any request for relief.

If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for failure to state a claim on which relief could be granted. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary. Plaintiff is further reminded that she must comply with the notice of deficiency (Doc. 3) on or before November 14, 2025.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **November 18, 2025**, to file a complete and proper amended complaint that cures the deficiencies discussed herein. If Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff. The clerk is directed to send 1983 forms and instructions to Plaintiff.


**IT IS SO ORDERED.**

DATED:  This 16th day of October, 2025, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge