IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TASHEE MARIE JAMES,

    **Plaintiff,**

    v.                                                  CASE NO. 25-3224-JWL

WYANDOTTE COUNTY, KANSAS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Tashee Marie James, who is currently incarcerated at the Wyandotte County Detention Center in Kansas City, Kansas, filed this pro se action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Her fee status is pending. This matter comes now before this Court on Plaintiff's timely amended complaint and her supplement to the amended complaint, which were submitted on October 24, 2025. (Docs. 5 and 6.) The Court has conducted the statutorily required screening of the amended complaint and, for the reasons explained below, will dismiss this matter without prejudice. Accordingly, Plaintiff's pending motion for leave to proceed in forma pauperis (Doc. 7) will be denied as moot.

**I. The Initial Complaint**

Plaintiff filed her initial complaint in this matter on October 14, 2025. (Doc. 1.) She named countless Defendants, some of which she identified only through general references to "employees" of various entities, including as a Dallas, Georgia hospital; state courts; federal courts; municipal courts; the Federal Bureau of Investigation; and the Georgia Bureau of Investigation. *Id.* at 1. Similarly, in the portion of the complaint form for briefly stating the background of her case, Plaintiff listed multiple locations and made general assertions, including

1

that she was targeted, framed, lied about, stalked, railroaded, not compensated, and deprived of work in at least three states. *Id.* at 3-4. The Counts asserted in the complaint were equally incomprehensible, as was the relief sought in this matter. *See id.* at 4-6.

## II. Screening

Because Plaintiff is a prisoner, the Court was required by statute to screen her complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d her]claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir.

2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

When the Court reviewed the initial complaint under these standards, it determined that the complaint was subject to dismissal in its entirety for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Therefore, on October 16, 2025, the Court issued a memorandum and order ("M&O") that explained the requirements of Rule 8 and directed Plaintiff to file a complete and proper amended complaint that complies with Rule 8. (Doc. 4, p. 1-6.) Specifically, the M&O stated:

> Rule 8 of the Federal Rules of Civil Procedure[1] requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)).
>
> "[A]ll that is necessary is that the claim for relief be stated with brevity, conciseness, and clarity, a standard articulated many times over by federal courts throughout the country." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1215, at 165 (3d ed.2004). This Court has upheld such a standard of brevity and clarity in pleadings. *See Blazer v. Black,* 196 F.2d 139, 144 (10th Cir.1952) ("[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."); *Knox v. First Sec. Bank of Utah,* 196 F.2d 112, 117 (10th Cir.1952) ("The purpose of [Rule 8] is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity."). A Rule 8 pleading is not the proper place

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

> for the plaintiff to plead all of the evidence or to fully argue the claims. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512–513 (2002).
>
> *Chavez v. Huerfano Cnty.*, 195 F. App'x 728, 729-30 (10th Cir. Sept. 1, 2006) (unpublished).
>
> "It is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case." *See Chavez*, 195 Fed. App'x. at 730. Although the complaint in this matter is a mere 8 pages long, the information therein does not clearly state a claim for relief against a particular Defendant. "To state a claim, a complaint 'must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009) (quoting *Robbins*, 519 F.3d at 1250). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Even when liberally construed, the pro se complaint in this matter fails to do so. The Court is unable to determine the Defendants Plaintiff wishes to name in this case, the nature of her claims against those Defendants, the facts that support each claim, or the relief she seeks. Thus, the complaint would not give opposing parties fair notice of the basis of the claim or claims against them and it fails to comply with Rule 8.

(Doc. 4, p. 4-6.)

In the interest of efficiency, the M&O also explained the rules on joining multiple defendants and multiple claims in a single action, *Id.* at 6-8. Plaintiff was granted time in which to file a complete and proper amended complaint upon the court-approved form that cures the deficiencies identified in the M&O. *Id.* at 5-6, 8-9. She was cautioned, however, that "[i]f Plaintiff fails to timely submit an amended complaint that complies with Rule 8, this matter will be dismissed without prejudice for failure to state a claim. *Id.* at 6. Plaintiff has timely filed an amended complaint (Doc. 5) and a supplement to the amended complaint (Doc. 6).

### III. The Amended Complaint (Doc. 5) and Supplement (Doc. 6)

To her credit, Plaintiff's amended complaint is much narrower in scope. She names as Defendants in the amended complaint: the Paulding County Adult Detention Center in Dallas, Georgia; Deputy Brandon Cunningham, who works at the Paulding County Adult Detention Center; Lieutenant Henderson of the Paulding County Sheriff's Office; and all employees of the

4

Newton County, Georgia Sheriff's Office and Detention Center. (Doc. 5, p. 1-3.) Unfortunately, the remainder of the amended complaint is not as clear. Count I appears to assert a claim of assault that perhaps occurred in 2020 in Newton County, but the facts alleged in support of Count I involve a woman Plaintiff dated who allegedly worked with Georgia law enforcement to illegally gain access to Plaintiff's bank account and frame Plaintiff for a non-violent felony. *See id.* at 3.

Count II appears to assert illegal arrest, bank fraud, "illegal damage to property [and] body parts," false statements, fabricated facts, and that Plaintiff was framed. *Id.* The facts asserted in support of Count II further confuse matters, as Plaintiff generally refers to a broken left ankle; the illegal repossession of her 2018 Malibu; the theft of her jewelry, her birth certificate, and her social security card; and she also mentions taxes filed in 2020 without her consent and the release of confidential documents in 2008 and 2009. *Id.* Count III is similarly broad in scope, alleging an illegal prosecution in Newton County; Plaintiff's 2019 arrival in Atlanta, Georgia; and excessive force by law enforcement, among other things. *Id.* at 4. As relief, Plaintiff seeks an appeal, a new trial, expungement, reimbursement of money she earned between June 2019 and January 2021, the return of money related to the illegally filed taxes, compensation for a false house arrest in 2021, and legal fees incurred in Paulding County and Cobb County, Georgia. *Id.* at 5.

The Court has carefully reviewed the supplemental documents Plaintiff filed with her amended complaint (Doc. 6) and finds no clarification therein. To the contrary, Plaintiff's supplement appears to attempt to identify additional defendants and allege facts in support of claims not articulated in the amended complaint. It is also largely comprised of run-on sentences, which leave the Court unable to understand the relevance of Plaintiff's assertions.

**III. Discussion**

Even liberally construing the pro se amended complaint and taking all factual allegations therein as true, it fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The factual allegations in the amended complaint and the supplemental documents leave the Court unable to determine the identity of the Defendants named in this case, the federal violations Plaintiff intends to assert in each Count, or the facts being asserted in support of each Count. These are the same deficiencies that left the initial complaint subject to dismissal in its entirety. Although this Court has the discretion to allow Plaintiff another opportunity to file a complaint that does not violate Rule 8, it declines to do so. *See Jensen v. West Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (explaining that refusing leave to amend is justified when there is "'failure to cure deficiencies by amendments previously allowed'"). Rather, this matter will be dismissed for failure to comply with Rule 8 and failure to state a plausible claim on which relief could be granted.

The dismissal of this matter will be without prejudice, which means that if Plaintiff wishes to file another civil rights action based on the events or actions alleged in this matter, the dismissal of this case will not, by itself, prevent her from doing so. The Court notes, however, that the District of Kansas does not appear to be the proper venue for the claims in the amended complaint, so if Plaintiff reasserts the same claims in a subsequent civil rights action brought in this Court, they may be subject to dismissal for improper venue. *See Trujillo v. Williams*, 465 F.3d 1210, 1216-17 (10th Cir. 2006) (discussing dismissal for improper venue during initial screening phase of a prisoner complaint).

Under 28 U.S.C. § 1391(b), a civil action may be brought in a judicial district where any defendant resides, a district where a substantial part of the events giving rise to the claim occurred, or, if no district meets those criteria, a district in which a defendant is subject to the court's personal

jurisdiction in the action. To the best of the Court's ability to understand the amended complaint, no Defendant named therein resides in the District of Kansas, none of the events giving rise to the claims occurred in the District of Kansas, and the events underlying the claims occurred in Georgia. Thus, if Plaintiff files a civil rights action in this Court that raises the claims in the amended complaint, any such case may be subject to dismissal for improper venue or transfer to the appropriate venue, if transfer is in the interest of justice. *See* 28 U.S.C. § 1406(a).

**IT IS THEREFORE ORDERED BY THE COURT** that this action is dismissed without prejudice for failure to state a plausible claim on which relief could be granted.

**IT IS FURTHER ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 7) is **denied** as moot.

**IT IS SO ORDERED**.

Dated October 28, 2025, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
